UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CONSTRUCTION FUNDING, LLC                    CIVIL ACTION

VERSUS                                       NO: 13-5630

FIDELITY NATIONAL INDEMNITY                  SECTION: J(3)
INSURANCE CO, ET AL

**ORDER AND REASONS**

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 17)** filed by Defendant, Fidelity National Indemnity Insurance Company ("Fidelity"), as well as an *Opposition* **(Rec. Doc. 18)** by Plaintiff, Construction Funding, LLC ("Plaintiff"). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motions should be **GRANTED**.

**PROCEDURAL AND FACTUAL BACKGROUND**

Fidelity serves as a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"). The NFIP was established by the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, and is administered by the Federal Emergency Management Agency ("FEMA"). Under the NFIP, Fidelity acts as a WYO Program Carrier pursuant to an Arrangement with FEMA ("the Arrangement"), in which Fidelity issues Standard Flood Insurance Policies ("SFIP's") to claimants insured under the

1

NFIP. Fidelity garners the responsibility of investigating, settling, and defending all claims and losses arising from SFIP's under the Arrangement. All payments made by Fidelity pursuant to the Arrangement are derived entirely from federal funds. As compensation for participating in this program, FEMA pays all WYO Program Carriers, including Fidelity, 1.5% of the amount paid to the insured. As such, the greater the claims Fidelity pays to its claimants, the greater the profit Fidelity earns.

Plaintiff, which is insured by Fidelity pursuant to the NFIP, alleges that on or about August 28, 2012, as a result of Hurricane Isaac, it sustained serious damage to property covered by the insurance policy. Plaintiff subsequently filed an insurance claim with Fidelity, seeking coverage for the damage sustained. The terms of Plaintiff's SFIP require that in order to recover a claim for flood damage, an insured must submit within sixty (60) days after the loss is incurred, a proof of loss supported by "specifications of damaged buildings and detailed repair estimates" (among other documentation requirements). Fidelity granted a blanket extension of this requirement for all claimants who sustained flood damage during Hurricane Isaac, allowing them to file documented proofs of loss within 240 days of the August 28, 2012 date on which Hurricane Isaac made landfall.

In an attempt to assist Plaintiff in compiling a documented proof of loss, Fidelity assigned Scott O'Berry as the independent

2

adjuster to inspect Plaintiff's property and reach an estimate for the amount of damage sustained. Mr. O'Berry met with Plaintiff on September 2, 2012 to inspect the property, and upon inspection provided Plaintiff with a Proof of Loss form including his estimation of the total value of damage in the amount of $266.81 (reflecting a recommended payment of $5,266.81 less the $5,000 deducible provided for by the SFIP). This amount was calculated in light of Mr. O'Berry's conclusion that Plaintiff had failed to make repairs to the property for damages sustained from Hurricane Katrina in 2005, for which Plaintiff had previously been reimbursed by Fidelity after filing a valid insurance claim. As such, Mr. O'Berry's estimate reflected only those damages sustained by Hurricane Isaac, to the exclusion of those damages he concluded were previously sustained during Hurricane Katrina.

On or about January 17, 2013, Plaintiff submitted to Fidelity its own proof of loss form in the amount of $76,218.01. This form was supported by no documentation other than an estimate compiled by Plaintiff and a sworn affidavit by Plaintiff, stating that damages to the property were repaired after Hurricane Katrina and prior to Hurricane Isaac. In reliance on Plaintiff's alleged failure to submit sufficient documentation, Fidelity refused to verify the amount included in the proof of loss and consequently denied Plaintiff's claim to recover flood damages for all items on the property that had not been repaired after the 2005 damage.

3

Plaintiff then filed the present lawsuit against Fidelity on August 28, 2013, claiming that Fidelity breached the SFIP, acted in bad faith, and negligently misrepresented itself in the terms of the SFIP by refusing to pay Plaintiff's claim.

On November 4, 2014, Fidelity filed the instant motion, seeking summary judgment and the dismissal of all Plaintiff's claims. Fidelity argues that because Plaintiff failed to satisfy the strict requirements mandated by its SFIP, namely by failing to provide a sufficiently documented proof of loss, under the terms of the policy, Plaintiff is barred from filing a lawsuit against Fidelity seeking payment of its claim.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no material issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *See also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party,

but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a material issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish

5

a material issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d
at 1075.

## DISCUSSION

Fidelity contends that it is entitled to summary judgment on
Plaintiff's claims because Plaintiff has failed to comply with the
stringent requirements of its insurance policy.  Article VII(R) of
the General Conditions governing the SFIP (the "Conditions"), as
noted by Fidelity, provides:

> You may not sue [Fidelity] to recover money under this
> policy unless you have complied with all the
> requirements of the policy. . . . This requirement
> applies to any claim that you may have under this
> policy and to any dispute that you may have arising
> out of the handling of any claim under the policy.

(Rec. Doc. 17-3, p. 16).  "Federal law governs interpretation of
NFIP polices." *Kidd v. State Farm Fire & Cas. Co.*, 392 F. App'x
241, 243 (5th Cir. 2010). Because payments on SFIPs ultimately come
from the federal treasury, the Fifth Circuit has repeatedly
recognized that conditions of SFIPs, such as the aforementioned
condition, must be "strictly construed and enforced." *Forman v.
FEMA*, 138 F.3d 543, 545 (5th Cir. 1998); *Richardson v. Am. Bankers
Ins. Co. of Fla.*, 279 F. App'x. 295, 298 (5th Cir. 2008) (citing
*Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998)).  Courts should
not, even in "hard cases," allow plaintiffs to circumvent these
regulations, as providing for such "would disregard 'the duty of
all courts to observe the conditions defined by Congress for

6

charging the public treasury.'" *Forman*, 138 F.3d at 545 (quoting *Office of Pers. Mgmt. v. Richmond*, 110 S.Ct. 2465, 2469 (1990)). As such, a rule allowing for claimants to recover against Fidelity and other WYO  Program Carriers despite only "substantial compliance" with the terms of their SFIP would be "contrary to [Fifth Circuit] caselaw." *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1056 (5th Cir. 2008) (citing *Richardson*, 143 F.3d at 299).

Fidelity specifically argues that Plaintiff is not entitled to file a lawsuit seeking payment on its claim because it has failed to satisfy the "Proof of Loss" requirement. The Conditions of Plaintiff's SFIP require all claimants to submit a sworn and verified "proof of loss" setting forth the nature, cause, and extent of the loss. These terms further require claimants to supplement this proof of loss with "specifications of damaged buildings and detailed repair estimates." (Rec. Doc. 17-3, p. 15). Moreover, Article VII(J)(3) of the Conditions further instructs that all claimants must provide Fidelity with "prompt written notice" of any loss suffered, accompanied by a prepared "inventory of damaged property showing the quantity, description, actual cash value, and amount of loss" to be supported by "all bills, receipts, and related documents." (Rec. Doc. 17-3, p. 14). Fidelity contends that Plaintiff has failed to fulfill its obligation to provide Fidelity with adequate proof of loss. It notes that despite

Plaintiff's submission of a proof of loss form, it failed to provide any documentation to support or substantiate its insurance claim. The crux of Plaintiff's argument is that it satisfied all requirements regarding the proof of loss under the SFIP by both timely allowing Fidelity's independent adjuster, Mr. O'Berry, to inspect the damaged property, of which Fidelity was aware, and by submitting with the proof of loss an attached affidavit attesting to the "completion of the repairs from the Hurricane Katrina claim." (Rec. Doc. 18, p. 4). As such, Plaintiff submits that a genuine issue of material fact remains regarding whether the proof of loss it submitted is sufficient so as to justify payment of its claim under the SFIP.

Despite Plaintiff's contentions, the Court finds that no genuine issue exists regarding the fact that Plaintiff failed to comply with the strict proof of loss requirements imposed by its SFIP. The Fifth Circuit has repeatedly held that "an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Marseilles*, 542 F.3d at 1056 (citing *Richardson*, 143 F.3d at 299; *Gowland*, 143 F.3d at 954). Here, while the proof of loss submitted by Plaintiff was sworn and timely, it failed to include any documentation to support its calculation of loss, as mandated by the terms of its SFIP.

Plaintiff relies on several prior decisions of this Court regarding the issue of sufficiency of proofs of loss in support for its contention that summary judgment is not appropriate on this issue. However, Plaintiff has failed to acknowledge the substantial distinctions between those rulings and the facts at hand. For instance, this Court previously found summary judgment improper when a plaintiff provided documentation to its insurance company, a WYO Program Carrier, which included "a written statement by Plaintiff setting forth the basis of the loss along with supporting documentation, including contractor's estimates, that very well may have been sufficient to establish both the nature of the loss and the amount of the claim." *Oechsner v. Hartford Life Ins. Co.*, 2008 WL 89514, at *3 (E.D. La. Jan. 7, 2008) (Barbier, J.). Here, Plaintiff has provided no documentation to support the damage alleged in its proof of loss other than one sworn affidavit, claiming that the present damages were sustained after it had performed repairs for previous damage sustained in Hurricane Katrina. However, this affidavit provides no facts to support the nature, the extent, or the cost of the damages.

Additionally, unlike in *Oechsner*, noticeably missing from the Plaintiff's proof of loss is any documentation setting forth estimates by third party contractors, adjusters, or otherwise. Plaintiff relies on the fact that Fidelity was granted an opportunity to fully inspect Plaintiff's property through its

9

appointed adjuster, Mr. O'Berry, which it pursued. However, this mere opportunity to inspect does not relieve Plaintiff from providing any documentation to support its claims. Moreover, upon inspection, Mr. O'Berry estimated the appropriate payment for Plaintiff's damage at $266.81 (a recommended payment of $5,266.81 less the $5,000.00 deductible provided by the policy). (Rec. Doc. 17-1, p. 6). This estimate lends no support to Plaintiff's proof of loss in the amount of a staggering $76,218.01. As such, the Court finds that Plaintiff's reliance on Fidelity's opportunity to inspect and knowledge of Mr. O'Berry's inspection in support of its argument that its proof of loss was proper entirely lacks merit. Instead, by failing to provide documented support for its damage calculations, Plaintiff has failed to provide any information whereby FEMA could evaluate "the merits of their claim." *See Forman*, 138 F.3d at 545. Considering the strict interpretation and construction given to the regulations contained in SFIPs by both the U.S. Supreme Court and the Fifth Circuit, this Court finds that Plaintiff has failed to provide sufficient documentation as to fulfill its obligation to submit a proper proof of loss.

Additionally, the mere fact that Plaintiff provided timely notice to Fidelity with an opportunity for Fidelity's assigned independent adjuster to inspect the damage does not substantiate its claim that it has submitted a proper proof of loss. This Court has previously recognized that giving notice of loss and providing

10

a sworn proof of loss statement are "separate and distinct requirements of the policy." *Oechsner*, 2008 WL 89514, at *3 (quoting *Gowland*, 143 F.3d at 954). Fidelity does not dispute that Plaintiff satisfied the policy requirement mandating timely notice of damage, and this issue is not currently before the Court. Because Plaintiff has failed to prove that it submitted a properly documented proof of loss to Fidelity as required by its SFIP, no genuine issue remains regarding the fact that Plaintiff was not entitled to full payment for its claim for damage sustained during Hurricane Isaac under the terms of its policy. As such, summary judgment shall be granted in favor of Fidelity on all Plaintiff's claims.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* **(Rec. Doc. 17)** is **GRANTED**.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Fidelity are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 17th day of November, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE